**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1968
_____

ZHAOJIN DAVID KE,
                              Appellant

v.

ASSOCIATION OF PENNSYLVANIA STATE COLLEGE
& UNVERSITY FACULTIES; CELIA ELDER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-10-cv-00448)
District Judge:  Honorable John E. Jones III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 11, 2011
Before:  FUENTES, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion filed: October 12, 2011)
_____

OPINION
_____

PER CURIAM

Zhaojin David Ke, proceeding pro se, appeals from the District Court's order granting Appellees' motion to dismiss his complaint. For the reasons that follow, we will affirm.

I.

Since we write for the parties, who are familiar with the background of this case, we discuss the events leading to this appeal only briefly. From August 2001 through December 2007, Ke served as a professor at Edinboro University of Pennsylvania ("EUP"), and was a member of a labor union known as the Association of Pennsylvania State College and University Faculties ("APSCUF"). In December 2006, EUP denied Ke tenure, a decision he believed was made in retaliation for his having filed racial discrimination claims against the university with the Equal Employment Opportunity Commission ("EEOC").

In light of EUP's tenure decision, Ke filed a grievance against EUP pursuant to the collective bargaining agreement. In February 2007, Celia Elder, the director of APSCUF's contract department, informed Ke by letter that APSCUF would not be arbitrating his grievance. In April 2007, after having reconsidered the issue at Ke's request, Elder sent Ke a letter reiterating that APSCUF would not be arbitrating his grievance.

In September 2007, the EEOC issued its findings with respect to the aforementioned claims against EUP, concluding that the university had discriminated against Ke. In November 2007, Ke received an email from APSCUF's EUP Chapter

2

President, David Obringer; that email stated as follows: "I spoke with our state contract department. As I expected and had told you on the phone, our contract determines what we can do. The EEOC operates under a different set of rules. Their ruling does not affect your denied grievance." (App. 40.)

In May 2008, Ke filed a claim against APSCUF with the EEOC, claiming that APSCUF had refused to arbitrate his grievance because he is Chinese. The EEOC ultimately dismissed Ke's claim as untimely.

In February 2010, Ke initiated the instant action by filing a complaint in the District Court against APSCUF and Elder (hereinafter collectively referred to as "Defendants"). The complaint, which centered around APSCUF's refusal to arbitrate his grievance against EUP, raised claims under Title VII, 42 U.S.C. §§ 1981, 1983, and 1985, and the Pennsylvania Human Relations Act ("PHRA"). Defendants ultimately moved to dismiss the complaint, and the District Court referred that motion to a United States Magistrate Judge.

On March 1, 2011, the Magistrate Judge issued a report recommending that the court grant Defendants' motion. Specifically, the Magistrate Judge concluded that Ke's Title VII claim against Elder was non-cognizable, his PHRA claims were barred because he had failed to timely file an administrative complaint with the Pennsylvania Human Relations Commission, and his remaining claims were time-barred. Ke subsequently filed objections to the report, challenging the analysis of his Title VII and § 1981 claims

3

only. On March 15, 2011, the District Court adopted the Magistrate Judge's report, granted Defendants' motion, and dismissed the complaint. This appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's order granting Defendants' motion to dismiss. See U.S. Dep't of Transp., ex rel. Arnold v. CMC Eng'g, 564 F.3d 673, 676 (3d Cir. 2009). In conducting this review, "we accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them, and we affirm the order of dismissal only if the pleading does not plausibly suggest an entitlement to relief." See id.

The only aspects of the District Court's decision that Ke disputes are its dismissal of his § 1981 claims and its dismissal of his Title VII claim against APSCUF. Having considered the parties' arguments, and for substantially the reasons set forth in the Magistrate Judge's report and the District Court's March 15, 2011 memorandum, we agree with the court's decision to dismiss his Title VII claim against APSCUF as untimely. As for the § 1981 claims, Ke argues that these claims are timely because they are governed by the four-year statute of limitations period set forth in 28 U.S.C. § 1658(a), not Pennsylvania's two-year limitations period for personal injury actions (the limitations period applied by the District Court). We disagree. Section 1658(a)'s four-year limitations period does not apply to claims that could have been raised under the pre-1990 version of § 1981. See Jones v. R. R. Donnelley & Sons Co., 541 U.S. 369,

4

382-83 (2004).  Because we agree with the District Court that Ke's claims could have been raised under that version of § 1981, see Patterson v. McLean Credit Union, 491 U.S. 164, 177 (1989); Goodman v. Lukens Steel Co., 482 U.S. 656, 669 (1987); Allensworth v. Gen. Motors Corp., 945 F.2d 174, 179 (7th Cir. 1991), we conclude that the court appropriately applied Pennsylvania's two-year limitations period.  See Goodman, 482 U.S. at 660-64 (agreeing with this Court that Pennsylvania's two-year limitations period governed plaintiffs' § 1981 claims).

Since we concur with the District Court's conclusion that the challenged claims are untimely, we need not address Ke's arguments regarding the underlying merits of these claims.  To the extent Ke seeks to amend his complaint to "streamline" his allegations, we note that any such amendment would be futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (indicating that district court may deny leave to amend on the basis of futility).  Accordingly, and in light of the above, we will affirm the District Court's March 15, 2011 order granting Defendants' motion to dismiss Ke's complaint.